Filed 7/24/24  P. v. Mauricio CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>OSWALDO RUIZ MAURICIO,<br><br>    Defendant and Appellant. | D082816<br><br><br><br>(Super. Ct. No. SCD287305) |

APPEAL from a judgment of the Superior Court of San Diego County, David M. Gill, Judge.  Affirmed.

Oswaldo Ruiz Mauricio, in pro. per.; and Sheila O'Connor, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury convicted Oswaldo Ruiz Mauricio of two counts of oral copulation/sexual penetration of a child younger than 10 years old (Pen. Code,[1] § 288.7, subd. (b); counts 1 and 2); six counts of committing a lewd act

---

[1]     Statutory references are to the Penal Code unless otherwise specified.

upon a child (§ 288, subd. (a); counts 3 through 8); and one count of sending harmful material with the intent to seduce a minor (§ 288.2, subd. (a); count 9).

The court sentenced Mauricio to prison for 30 years to life plus 12 years eight months.

Mauricio timely filed a notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to independently review the record for error as mandated by *Wende*. We advised Mauricio he could file is own brief on appeal. He has responded with a supplemental brief. Mauricio's submission does not raise any potentially meritorious issues for reversal of the appeal.

## FACTUAL BACKGROUND[2]

Mauricio sexually abused his stepdaughter, beginning when she was about five or six years old. Over the course of several years, Mauricio committed various lewd acts involving his stepdaughter. On one occasion, Mauricio touched his stepdaughter's vagina while using a vibrator.

During trial, among several other witnesses, the prosecutor offered an expert witness who testified about myths and misconceptions involving child sexual abuse. That expert, however, did not interview any witnesses in this case or offer an opinion as to whether the victim was testifying truthfully.

---

[2]    A robust discussion of the facts adduced at trial is unnecessary for this opinion. However, we briefly provide a few salient facts for context.

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to independently review the record for error.  To assist the court in its review of the record, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified possible issues that were considered in evaluating the potential merits of this appeal:  (1) Whether the court properly allowed an expert to testify at trial about the common myths and misconceptions surrounding child sexual abuse; (2) Whether the court properly instructed the jury on the complaining witness; and (3) Whether the evidence supported the conviction of lewd act on a child for the use of a sex toy based on the theory of imputed or constructive touching.

We have reviewed the record for error as required by *Wende* and *Anders*.  We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Mauricio on this appeal.

## DISPOSITION

The judgment is affirmed.

HUFFMAN, J.

WE CONCUR:

McCONNELL, P. J.

RUBIN, J.

3